[No. C. D. 2378. *En Banc.* November 4, 1947.]

*In the Matter of the Discipline or Disbarment of* KARL GRIMM, *an Attorney at Law.*[1]

*S. H. Kelleran,* for board of governors.

BEALS, J.—This is a disbarment proceeding. Karl J. Grimm was admitted to the bar of this state, February 23, 1938. From the record of proceedings in this matter before the board of governors of the Washington state bar association, filed herein, it appears that a complaint against Karl J. Grimm was made by the board of governors and referred for hearing to a trial committee composed of three members of the state bar association; that due notice, in accordance with the procedure provided for by the rules and regulations of the state bar association, was given to Mr.

[1] Reported in 185 P. (2d) 990.

Grimm, advising him of the time and place of the meeting of the trial committee, and that Mr. Grimm did not appear before the committee, either in person or by counsel.

After an investigation, the committee recommended that Mr. Grimm be disbarred, and, in due time, the board of governors forwarded the complete record to this court, together with its recommendation that Karl J. Grimm be permanently disbarred for the reason that he had been guilty of unprofessional conduct and violation of his duties as an attorney and counselor at law, and because of certain acts of his involving moral turpitude and dishonesty.

From the record before us, it appears that, upon the death of C. L. Holcomb, Esquire, who had for many years been practicing law in Kennewick, Washington, Mr. Grimm, who was practicing law in a neighboring city, was retained by Mr. Holcomb's widow to conduct the probate of the estate of her deceased husband; that Mr. Grimm was paid in full for his services as attorney for the estate and for some disbursements which he had made in the course of the probate proceedings; that included among the assets of Mr. Holcomb's estate were a considerable number of law books which had a sale value, at that time, of between two hundred and four hundred dollars, and that, while awaiting an advantageous sale of the books, it was understood that Mr. Grimm might use the books in connection with his practice. It appeared that Mr. Grimm was not authorized to dispose of the law books, but that, during the month of May, 1945, he sold his own law books and the law books belonging to Mr. Holcomb's estate, executing a formal bill of sale of the books and listing the estate's books, with his own, as his property.

The trial committee found that, by agreement with Mrs. Holcomb, Mr. Grimm was permitted to use the law books in return for caring for them pending receipt of an advantageous offer for the purchase of the books; that Mr. Grimm had no color of title to the books, and that he was not authorized to sell them, but that he did sell them during the month of May, 1945, representing that the volumes, to-

gether with other law books, were his own property; that this sale was without the knowledge or consent of Mrs. Holcomb or of anyone representing the estate; that the law books were reasonably worth between two hundred and four hundred dollars, and that Mr. Grimm had admitted that the estate's books were sold without right or authority.

Notice of the hearing before the trial committee was given to Mr. Grimm, in accordance with the rules and regulations of the Washington state bar association, and, upon his failure to appear before the committee, his default was regularly noted, April 19, 1947.

The record of proceedings before the trial committee and before the board of governors of the Washington state bar association was filed in this court, July 16, 1947, and, under date of July 22, 1947, a copy of the recommendation of the board of governors was mailed to respondent Karl J. Grimm at his last-known post-office address, 2659 west Lafayette avenue, Baltimore 16, Maryland. It appears, from a certificate signed by the clerk of this court, that the letter enclosing the recommendation of the board of governors was never returned to the clerk's office as undelivered mail.

The proceeding was regularly set for hearing before this court for Tuesday, September 23, 1947. The respondent, Karl J. Grimm, has made no appearance, written or oral, before this court, either in person or by counsel, and has filed no answer, statement, or other pleading or paper in connection with this proceeding.

It appearing to the court that the respondent, Karl J. Grimm, has been guilty of an act involving moral turpitude and dishonesty, as hereinbefore set forth, in violation of his duties as an attorney at law and as a member of the bar of this court, and that the recommendation of the board of governors should be adopted, it is, therefore, ordered that Karl J. Grimm be, and he is, hereby permanently disbarred from the practice of law in this state, and that his name be stricken from the roll of attorneys entitled to practice law in the state of Washington.

ALL CONCUR.